## F. T. BYRNE v. CITY OF ST. PAUL.[1]

### June 15, 1917.

### Nos. 20,421—(110).

**Municipal corporation — resignation of servant not violation of civil service rules.**

Plaintiff was in the employ of the city of St. Paul, as an inspector in the department of public health; upon a reorganization of the department he was required to file with the department a formal written resignation, to be accepted whenever the department deemed for the best interests of the service. Plaintiff filed such resignation; it was later accepted, and he thereupon relinquished his position and obtained other employment. There was no fraud or coercion or purpose to set at naught the civil service requirements of the city charter. It is *held*:

(1) By the resignation and subsequent conduct plaintiff voluntarily relinquished the position held by him, and the method by which that result came about was not a violation of the civil service policy of the city.

(2) The resignation was effectual though not addressed to the city commissioner whose jurisdiction extended over the health department; it was addressed to the active official having in charge the details of the department, and whether the acceptance was by the commissioner or not he was advised thereof and acquiesced therein.

Action in the district court for Ramsey county to recover $1,080 as salary of inspector of the health department of defendant city. The case was tried before Brill, J., who when plaintiff rested dismissed the

[1] Reported in 163 N. W. 162.

action. From the judgment of dismissal, plaintiff appealed. Affirmed.

*Keller & Loomis,* for appellant.

*O. H. O'Neill* and *W. J. Giberson,* for respondent.

BROWN, C. J.

Prior to June, 1914, plaintiff had for a year or more been in the employ of the city of St. Paul as an inspector in the department of public health, working under the direction of the head of that department. A reorganization of the department took place at about the time stated, being rendered necessary by a change to the commission form of the city government, which then became effective under the new city charter. Under the new charter this branch of the public service was within the department of public safety, presided over by one of the city commissioners, though the details of the work were committed to and were under the direction of a health officer. As a part of the reorganization proceedings each employee in the department was required to sign and deposit in the office of the health officer a formal resignation of the position held by him, to be accepted when the best interests of the service, in the judgment of the department, rendered it necessary. In compliance with this requirement plaintiff prepared a formal resignation in writing addressed to the health officer and filed the same in his office. The resignation bears date June 5, 1914. It was accepted on July 15, 1914, but by what officer does not clearly appear. But acting thereon, and treating it as ending his connection with the employment, plaintiff ceased to perform any of the duties thereof, subsequently obtained employment elsewhere, and another was appointed to the position so held by him who thereafter performed all the duties of the position and was paid therefor by the city. Plaintiff made no claim that the acceptance of his resignation was ineffectual, or that his removal from the service was in violation of any rights possessed by him under the civil service provisions of the new city charter or otherwise, but he did make several efforts for a reinstatement to his former position but without success. After the lapse of a year from the date of acceptance of his resignation plaintiff brought this action to recover the compensation allotted to the position, and which he would have earned had he been permitted to retain the same. The court be-

low, at the conclusion of the trial, upon defendant's motion ordered the action dismissed, and plaintiff appealed from a judgment entered thereon.

It is the contention of plaintiff that the method by which he was taken out of or removed from the service of the city was illegal and void, because in violation of the civil service provisions of the city charter, which provide that no removals from certain branches of the public service shall be made except for cause, and in the manner therein provided, and that because the removal was illegal plaintiff remained the *de jure* officer and was entitled to the compensation prescribed by law. We do not sustain this claim, but concur in the conclusion of the learned trial court, to the effect that by his resignation and subsequent conduct plaintiff voluntarily took himself out of the service, and is now in no position to insist that his rights under the charter were in any way violated. There is no suggestion that the resignation was the result of coercion, that any fraud was practiced upon plaintiff, or that it was exacted or required as a scheme on the part of the department to avoid or circumvent the civil service policy of the city. On the contrary, the act of plaintiff was wholly voluntary, he understood the effect of the resignation, and that the department could accept it and thus retire him from his position at any time it was deemed best for the service. While plaintiff claims that there was no reason for his removal, the cause thereof as determined and acted upon by the department does not appear, and we are bound to assume that the officers so accepting the resignation were acting within and not in violation of the law. 1 Dunnell, Minn. Dig. § 3435.

It is not important that the resignation was not addressed to the commissioner of public safety, the officer having charge of the particular department. It was addressed to the active head of the department, the health officer, was filed with that officer and later accepted, in which the commissioner, if he did not authorize the acceptance, fully acquiesced. It was effectual as a voluntary surrender of the position upon acceptance. And, since there was no fraud or purpose to set at naught the civil service provisions of the charter, it is conclusive against the present claim of plaintiff. State v. McColl, 127 Minn. 155, 149 N. W. 11; and Sclawr v. City of St. Paul, 132 Minn. 238, 156 N. W. 283, are not in point. Judgment affirmed.