# WILLIAM SCHWARTZ v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

July 6, 1917.

Nos. 20,400—(125).

**Fire department — abandonment of right to pension.**

An active member of the Minneapolis Fire Department, by retiring therefrom, ceases to longer remain a member of the relief association, and, by his resignation and subsequent conduct, he abandoned and relinquished all right to any relief under the provisions of the articles and by-laws of the association.

[1]Reported in 163 N. W. 744.

Action in the district court for Hennepin county to require defendant to place plaintiff upon its pension rolls and pay him a pension. The case was tried before Steele, J., and a jury which answered in the affirmative the question: "Did the plaintiff while employed as a fireman receive injuries or disabilities which unfitted him for duty as an active fireman?" The court thereafter made findings and ordered judgment in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

J. A. Will, for appellant.

Cary & Phelps, for respondent.

QUINN, J.

This is an action to compel the defendant to place plaintiff upon its pension roll and to pay him a pension at the rate of $15 per month from August 6, 1895. The trial court made findings and ordered judgment in favor of plaintiff. From an order denying its motion for judgment notwithstanding the findings or for a new trial, defendant appealed.

Defendant is a Minnesota corporation, its purpose being to afford relief to such active members of the Minneapolis Fire Department as become sick, injured or disabled, to provide a pension for disabled firemen, and to relieve widows and orphans of deceased members.

May 21, 1891, plaintiff became a member of the Minneapolis Fire Department, and remained an active fireman therein until August 6, 1895, when he voluntarily resigned therefrom. When plaintiff joined the fire department, he became a member of the relief association and continued a member thereof as long as he remained in the fire department.

The by-laws of defendant provide, among other things: That firemen who, through injury or sickness, have become so disabled as to be incapacitated for the duties of an active fireman, but not so as to render them incapable of performing manual labor, shall be placed on the pension roll and entitled to receive pensions from the time of their retirement at the rate of $15 per month. It is under this provision that plaintiff seeks to recover in this action. It is provided in article 3 of the by-laws that "no person except a regular member of the Minneapolis Fire Department shall ever be an active member of the association" and that "all active members shall pay to the association the sum of $8 annual dues, * * *.

And upon failure of any such member to pay any instalment of dues as the same becomes payable, or within thirty days thereafter, he shall cease to be a member of said association and no longer be entitled to any benefit from membership therein."

Plaintiff, as appears from his testimony, was about 35 years of age; he had been a member of the department and of the association for a little over 4 years, thought that he was becoming crippled with rheumatism and that he had better get out of the service before it got too bad, and on August 5, 1895, he voluntarily resigned from the department, and thereafter failed to pay any annual dues or in any manner to affiliate with the association; he had lived and worked upon a farm until about a year before joining the department, and after resigning he went upon a farm which he and his brother have since worked. November 17, 1914, after the lapse of more than 19 years from the date of his resignation, plaintiff, for the first time, made application to be placed upon the pension roll of defendant, which was refused.

The plaintiff, by voluntarily retiring from the department, as a matter of law ceased to longer remain a member of the relief association, and is now in no position to claim any benefits therefrom. By his resignation and subsequent conduct he abandoned and relinquished all right, if he ever had any, to any relief under the provisions of the articles and by-laws of defendant. To this effect, in principle, was the case of Byrne v. City of St. Paul, supra, page 235, 163 N. W. 162. We think it conclusive that the findings and order were not warranted by the evidence and that defendant is entitled to judgment. It is so ordered.

Reversed.