ALICE McINTYRE v. M. O. PETERSON AND ANOTHER.
M. A. MORTENSON, APPELLANT.[1]

June 13, 1941.

No. 32,809.

*O. J. Ostensoe,* for appellant.
*J. N. Johnson,* for respondent.

HILTON, JUSTICE.

Alice McIntyre, owner by execution of certain property in the city of Canby, brought an action on August 29, 1939, to have a mortgage and its foreclosure cancelled as clouds upon her title. The mortgage, executed by defendant Peterson while insolvent, to his brother-in-law, defendant M. A. Mortenson, was alleged to have been in fraud of creditors because not given for a fair consideration contrary to 2 Mason Minn. St. 1927, § 8478. The trial resulted in favorable findings for plaintiff and the requested relief. Appeal by Mortenson is taken from an order denying a motion for a new trial.

[1] Reported in 298 N. W. 713.

The mortgage in question was executed on April 24, 1928, to secure a recited indebtedness of $2,500 on two promissory notes—one for $1,500 made April 1, 1927, and the other for $1,000 made concurrently with the mortgage on April 24, 1928. On that date Peterson was insolvent. Both notes were due November 5, 1928. Prior to April 24, 1928, the note for $1,500 had been secured by an unrecorded mortgage. The new mortgage was unrecorded until March 27, 1931. Foreclosure proceedings were begun in 1938 and the sheriff's sale held on April 9 of that year. The record supports the finding that the foreclosure was procured at the instigation, direction, and control of Peterson, the mortgagor. The property was bid in for Mortenson, who did not attend the sale. There was no redemption.

In March, 1927, Peterson had given his promissory note for $1,800 to plaintiff. There was a default, and judgment was taken and docketed November 17, 1932. Execution was obtained several years later, the sale being held September 5, 1936, by which several of Peterson's properties, including that covered by the mortgage, were sold to plaintiff. There was no redemption. By this action plaintiff seeks to perfect her execution title to the property.

Our review is of necessity very narrow. Because of the ineffectiveness of the assignments of error, there is at most only one question before us. To assign as error "that the decision is not justified by the evidence and is contrary to law" is to assign nothing. 1 Dunnell, Minn. Dig. (2 ed.) § 361. Except as affected by the one question before us, the findings of the trial judge cannot be challenged. The only matter saved for review by proper assignment is the action of the trial judge in sustaining an objection to a question whereby Mortenson's counsel attempted to prove that the notes secured by the challenged mortgage were given for a fair consideration. On that point the findings were:

"That it was not made to appear that there was any consideration whatever for either of the notes the said mortgage purported

to secure, and it is found that it [the mortgage] was not executed and delivered in good faith for a fair or adequate consideration."

Plaintiff's proof completely fails to sustain that finding. But, as already indicated, the sufficiency of the evidence to support the findings is not before this court.

However, the answer did contain an allegation that the mortgage in question had been "made, executed and delivered for a valuable consideration." To prove this allegation, counsel for Mortenson apparently intended to rely upon evidence showing continuous dealings between Mortenson and Peterson over several years. To establish this fact, the unrecorded mortgage, which had been executed April 1, 1927, to secure the $1,500 note, was introduced in evidence. Whether Peterson was then insolvent does not appear. Objections to questions by which counsel sought to prove by the testimony of Mortenson that this old mortgage had been given for "consideration" or "indebtedness" were sustained upon the ground that they asked conclusions from the witness.

The questions next asked concerned the mortgage here involved. The two notes which it secured were introduced. With particular reference to the note for $1,500, Mortenson was asked whether at the time it was given, April 1, 1927, Peterson was "owing you the amount of money stated on that note?" Upon motion, an affirmative answer to this question was stricken. Then followed the matter here assigned as error. Counsel asked: "What does that note represent? Does that represent an indebtedness that was owing to you at that time or was it referring to the mortgage money that was paid to you at the time?" An objection that this called for a conclusion was sustained. In explanation, the trial judge said, "It seems to me that the exhibits [notes] show for themselves until they are attacked, don't they?" "Yes," said counsel. "We will withdraw that." Thereafter the authenticity of the exhibits was never attacked.

There is no evidence to establish that these notes were given for less than the consideration they recited. The record is abso-

lutely barren of any showing from which it could be inferred that the mortgage had been given to secure notes executed for less than fair consideration. After the above comment from the judge, defendant's counsel was certainly justified in refraining from asking questions designed to establish what consideration or indebtedness was the basis for the notes. He was told that the notes spoke for themselves, and until impugned it was unnecessary for him to proceed with proof that they represented a fair consideration. Though it "was not," as found by the trial judge, "made to appear that there was any consideration whatever for either of the notes" independently of that consideration which they imported, yet the record is redundant with instances where such proof was offered and rejected. As readily appears from the above finding, the refusal to permit Mortenson to make this proof was prejudicial.

While there is every reason to believe that the foreclosure was collusively arranged by Peterson and its annulment is justified by the record, there is nothing to show that the mortgage itself was given at a time of insolvency for less than fair consideration. Therefore there should be a new trial.

Order reversed.

HOLT, JUSTICE (dissenting).

Upon the whole record, the trial court, in my opinion, reached a correct result.

STONE, JUSTICE (dissenting).

So far as the mortgage itself is concerned, I concur in the view that, for the reason stated by Mr. Justice Hilton, there should be a new trial.

But, as to the foreclosure, my submission is that the decision that it was collusive and fraudulent and therefore should be vacated is inescapable on this record. My opinion, therefore, is that as to the foreclosure the decision should stand and that the only issue for a new trial is as to the mortgage itself.