# RUTH E. LARSON v. LUELLA DEGNER, ALSO KNOWN AS MRS. FRANK DEGNER, AND OTHERS.

78 N. W. (2d) 333.

July 20, 1956—No. 36,830.

60

*Lauerman, Johnson & Gustafson,* for appellant.
*Nelson, Rendahl, Broberg & Peterson,* for respondent Larson.
*Earle F. Tighe,* for respondents Wurm and Wittwer.

DELL, CHIEF JUSTICE.

This is an action instituted by the plaintiff to recover for personal injuries and property damage arising out of a collision involving automobiles operated by the plaintiff, the defendant Ronald Degner, and the defendant Kenneth Wittwer.

The collision occurred on June 5, 1954, at about 2:30 p. m. approximately a mile and a half east of the village of Bird Island on Highway No. 212. Plaintiff, a registered nurse employed as a nursing instructor at Bethesda Hospital in St. Paul, was driving her 1954 Chevrolet automobile in an easterly direction upon said highway. Riding with her as a passenger was Genieva Gerischer. Just east of the outskirts of the village plaintiff overtook and passed an automobile driven by defendant Wittwer and owned by

defendant Wurm Chevrolet Company. Wittwer's speed at that time was between 15 and 20 miles an hour. On passing Wittwer plaintiff continued east in the south lane. After traveling a short distance, both the plaintiff and her passenger noticed that Wittwer was following quite closely behind them at a distance estimated to be approximately 10 to 15 feet. Both cars were then traveling at a speed of approximately 40 to 50 miles an hour. Wittwer, however, estimated that the distance between the two vehicles was five car lengths or approximately 90 feet.

While plaintiff and Wittwer were so proceeding, a 1947 Oldsmobile owned and operated by defendant Degner approached from the east traveling in a westerly direction along said highway. Plaintiff first noticed Degner when he swung out in an attempt to pass another automobile traveling ahead of him on the highway. She estimated that he was then two to three car lengths directly in front of her in the south lane. Degner accelerated his car in an effort to pull back into his own lane ahead of the vehicle he was passing but was unable to do so, and the left front end of his car struck the left front end of the plaintiff's car.

At the time of the collision Degner was traveling at an estimated speed of 50 to 60 miles an hour. Plaintiff's passenger testified that immediately before the collision she turned around in her seat and noticed Wittwer still 10 to 15 feet behind them. Plaintiff said that just prior to the collision Degner's entire vehicle was over in the south lane and that it seemed to be heading straight for her. She sounded her horn and attempted to and actually did get about half her automobile off from the highway and onto the south shoulder in an effort to get out of his way. The impact with the Degner car spun plaintiff's automobile around counterclockwise and back into the path of Wittwer. From debris and glass lying on the highway the point of impact was estimated to have been approximately two or three car lengths to the east of the place where plaintiff's automobile came to rest.

Prior to the collision Wittwer, sensing that an accident was imminent, applied his brakes and headed for the south ditch in an

effort to avoid becoming involved in it. However, he was not successful, and the front end of his automobile collided with the left front corner of plaintiff's automobile and his vehicle came to rest with its right front wheel in the ditch, about one or two feet from the left rear fender of plaintiff's car. At the time that Wittwer collided with plaintiff's vehicle he estimated his speed at 5 to 10 miles an hour.

Plaintiff's automobile ended up facing across the highway in a northerly direction with its rear end on the south shoulder and with its front wheels on the pavement. After the initial impact Degner's automobile scraped along the left side of plaintiff's automobile and then slid sideways in a westerly direction past the left side of the Wurm automobile. It ended up in the ditch on the south side of the road facing east at a point approximately 100 feet west of the Wurm automobile. The pavement of Highway 212 at the point of the collision was approximately 20 feet wide and the shoulder to the south of the highway about 10 feet.

Dr. A. O. H. Setzephandt, who arrived at the scene shortly after the collision, as well as defendant Wittwer, testified that Degner admitted at that time that the accident was his fault. Degner did not deny making the admission but stated that he didn't remember what was said.

The case was submitted to the jury for a special verdict upon interrogatories rather than under a general verdict. The jurors were asked to find and determine whether each of the drivers was negligent, and if so, whether such negligence was a proximate cause of the collision. The jury, by its special verdict, found that the defendant Degner was negligent in the operation of his automobile and that his negligence was a proximate cause of the collision; that defendant Wittwer was negligent in the operation of the Wurm automobile but that his negligence was not a proximate cause of the collision. It further found that the plaintiff was not negligent in the operation of her automobile and that as a result of the accident she had incurred special damages in the sum of $1,947 and general damages in the sum of $3,375. The court thereupon, as

conclusions of law, ordered that plaintiff have judgment against the defendant Ronald Degner in the sum of $5,322; that defendants Wurm and Wittwer have judgment in their favor as to plaintiff's cause of action; and that defendant Wurm should not recover on a cross-claim which he had interposed against the defendant Degner. The defendant Degner thereupon moved in the alternative for judgment notwithstanding the verdict or a new trial and from the order denying his motion this appeal was taken.

■ In his alternative motion in the lower court for judgment notwithstanding the verdict or a new trial, Degner set forth six grounds of error. On this appeal, however, his brief contains but one assignment of error, to wit: "The District Court erred in denying appellants' Motion for a new trial of all issues in the case." An assignment that the lower court erred in refusing to grant a new trial is insufficient to raise any question other than whether the evidence justifies the verdict or finding.[1] Degner sought to correct this defect by inserting the necessary assignments of error in his reply brief. While of course this is not proper practice and is not to be permitted, we have decided that, since the questions raised by Degner have been fully briefed and argued by the respondents[2] and in view of our discretion,[3] we will consider all questions raised on the appeal.

■ Degner contends that the verdict finding that, even though Wittwer was negligent, his negligence was not a proximate cause of the collision, is not justified by the evidence. He argues that plaintiff, upon seeing his automobile directly in front of her and

[1]Farmers Co-op. Exch. Co. v. United States F. & G. Co. 150 Minn. 126, 184 N. W. 792; Mason's Dunnell, Minn. Practice (2 ed.) § 3165.

[2]In discussing the object and purpose of assignments of error this court in Duncan v. Kohler, 37 Minn. 379, 381, 34 N. W. 594, 595, stated: "It enables opposing counsel to readily and certainly ascertain just what points he has to meet in the preparation of his brief, and the court to see just what points it is to consider, and to confine discussion to them." See, also, Mason's Dunnell, Minn. Practice (2 ed.) § 3161.

[3]Linneman v. Swartz, 235 Minn. 107, 50 N. W. (2d) 47; Wojtkowski v. Peterson, 234 Minn. 63, 47 N. W. (2d) 455; Lehman v. Hansord Pontiac Co. Inc. 246 Minn. 1, 74 N. W. (2d) 305.

approaching in her lane of traffic, was afraid to apply the brakes on her automobile too suddenly because she realized that Wittwer was following so closely behind. Thus he contends that the accident was caused, at least in part, by the inability of the plaintiff to stop her automobile as quickly as she might have been able to do, and this he asserts was attributable to Wittwer's conduct in following too closely behind the plaintiff's vehicle. It must be noted, however, that the *only* suggestion that there was any hesitancy to fully apply the brakes on plaintiff's automobile was in the testimony of the plaintiff's passenger, Miss Gerischer. However, Miss Gerischer testified only that *she* was "afraid of braking," not that the plaintiff, the driver of the automobile, was afraid of fully applying her brakes. To the contrary, on cross-examination, when plaintiff was specifically asked whether, on observing the defendant Degner approaching directly toward her in the south lane, the reason she didn't want to "slam on the brakes too hard" was because defendant Wittwer was following so closely behind her, she replied "No. After I saw Mr. Degner's car I didn't remember Mr. Wittmer's car any more." Thus the jury was fully justified in concluding that plaintiff's actions, after observing Degner approaching in her lane of travel, were in no way attributable to the defendant Wittwer's conduct in following behind her automobile. It is elementary that on appeal the facts must be viewed in the light most favorable to the verdict.[4] Looking to the record before us in its entirety, we find ample evidence from which the jury could reasonably conclude that the sole and only proximate cause of the accident in the instant case was the negligence of the defendant Degner.

■ Degner further contends that the wording of the interrogatories submitted to the jury in the form of a special verdict was not the same as had been previously referred to in the court's instructions to the jury. In the charge the jury was told that questions would be submitted to it so that it could determine by its answers whether each of the parties was negligent and, if it so found, whether such negligence was the proximate cause of the

[4]Jablinske v. Eckstrom, 247 Minn. 140, 76 N. W. (2d) 654.

collision *and resulting damage to the plaintiff*. Apparently through an oversight the actual interrogatories submitted to the jury read as follows: "If you answer the above question, 'Yes' [referring to the question of negligence] was such negligence a proximate cause of the collision?" Degner argues that this discrepancy in and of itself constitutes an error of law that requires a new trial. With that contention we do not agree. While the same form of question was submitted as to all the parties involved in the collision, Degner's argument is specifically directed to the jury's finding that Wittwer's negligence was not a proximate cause of the collision and the subsequent conclusion of law made and entered by the lower court ordering and directing that defendants Wurm and Wittwer have judgment in their favor as to the plaintiff's cause of action. Degner contends that the failure to include the words "and resulting damage to the plaintiff" was confusing and prejudicial since he claims there were actually two separate and distinct collisions in the instant case. It must be noted, however, that the court, in its charge as well as in the interrogatories submitted in the form of a special verdict, referred only to a singular collision and not to two separate and distinct collisions.

At no time, either before or after the jury retired, did either of the defendants object or indicate to the court that the instructions or questions proposed therein were not clear or that they did not adequately cover the issues presented in the case. Under Rule 49.01[5] of Rules of Civil Procedure, when a case is submitted to the jury

---

[5]Rule 49.01 reads in part as follows:

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. * * * The court shall give to the jury such explanations and instructions concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

on a special verdict, if a party is of the opinion that the questions proposed do not adequately cover the case, he may propose additional ones for submission to the jury, if he does so before it retires; otherwise he waives his right to a trial by jury on such issues.[6]

■ While the record here seems to indicate that there actually were two collisions, there also was testimony from the plaintiff and her passenger indicating that there was but one impact. In any event, even if there were actually two collisions it further appears that the second collision, that of the Wurm automobile and the plaintiff's automobile, was inconsequential and only incidental to the main collision between plaintiff's and Degner's vehicles. The first impact between Degner's automobile traveling at a rate of speed estimated at between 50 and 60 miles an hour and plaintiff's automobile traveling at a rate of speed of approximately 40 miles an hour was of such force that it swung the plaintiff's automobile around counterclockwise and back approximately two to three car lengths on the highway. From Wittwer's testimony that he was traveling at a speed of only 5 to 10 miles an hour when he struck the plaintiff's automobile, as well as from the position of the two vehicles following the accident and the other circumstances of the case, it is reasonable to assume that that impact in no way added to or aggravated the extensive damage and injuries already incurred by the plaintiff in the collision with the Degner vehicle. A fair and impartial reading of the record in its entirety as well as the instructions to the jury clearly indicates that the only collision in issue and the only one upon which the jury was to base its verdict was the collision between the plaintiff's automobile and that of the defendant Degner. It therefore follows that in considering the question of the defendant Wittwer's negligence the jury was concerned only with the question of whether such negligence, if any, contributed to or was in any way a proximate cause of the collision between the plaintiff's and Degner's automobiles.

[6]Wormsbecker v. Donovan Const. Co. 247 Minn. 32, 76 N. W. (2d) 643; A. M. Webb & Co. Inc. v. Robert P. Miller Co. (E. D. Pa.) 78 F. Supp. 24, reversed on other grounds (3 Cir.) 176 F. (2d) 678.

■ It is true that proximate cause is generally defined as that which causes *injuries* directly and immediately or through a natural sequence of events without an intervening independent efficient cause.[7] However, under the circumstances of the instant case, it does not follow that the failure of the interrogatories submitted to the jury to include the phrase "and resulting damage to the plaintiff" can be considered confusing or held to be prejudicial error. The jury specifically found that the defendant Wittwer's negligence was not the proximate cause of the collision. It must be clear that if his negligence was not the proximate cause of the collision involved in the instant case then it could not be considered the proximate cause of the injuries resulting from the collision itself. While the question "was such negligence a proximate cause of the collision?" is technically open to criticism, nevertheless, when considered in connection with the entire charge and in view of the theory on which the case was submitted, we conclude that there was no error in the manner in which the case was submitted to the jury.

■ Degner further contends that the verdict is excessive. While he does not question the amount allowed for special damages of $1,947, he does claim that the sum of $3,375 awarded plaintiff as general damages is grossly excessive. It is well established that whether a verdict should be set aside as excessive rests largely in the discretion of the trial court and that an appellate court should not revise the amount of a verdict unless it shocks its sense of justice and the impropriety of allowing the verdict to stand is so manifest as to show a clear abuse of discretion.[8] No two cases are alike and the damages to be allowed in each case depends upon the particular facts involved.[9] Here, among other factors to be

---

[7]Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; S. S. Kresge Co. v. Kenney, 66 App. D. C. 274, 86 F. (2d) 651; 13 Dunnell, Dig. (3 ed.) § 7000(1).

[8]Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793; Ahlstrom v. Minneapolis, St. P. & S. S. M. R. Co. 244 Minn. 1, 68 N. W. (2d) 873.

[9]Aasen v. Aasen, 228 Minn. 1, 36 N. W. (2d) 27; Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793.

considered by the jury in determining the amount of plaintiff's general damages incurred as a result of the collision, the following appear: She suffered extensive contusions and abrasions about her head and body and a particularly severe contusion of her chest causing "searing pain"; she had pain for several months following the accident; she has a small hard nodular area in the tissue beneath the skin on her chin which is likely to remain permanently unless removed by surgery and that would result in a scar; she suffered lacerations of the leg and of her left wrist, the latter of which required sutures and has left a permanent scar; she had a bruised hip, an open wound of the left knee, a sore cheek and jaw for some time and at the time of the trial still had some swelling of the cheek; she was not able to "speak at length" for some time and the accident left her extremely nervous and exhausted. While the verdict is liberal, and it would perhaps have been better if the court had reduced it some, we cannot say that the court abused its discretion in refusing to set it aside as excessive.

While this appeal was taken in the name of Luella Degner as well as Ronald Degner, her only interest in the case was that of guardian ad litem and judgment in favor of plaintiff was ordered only as to him.

The order of the lower court must be affirmed.

Affirmed.