WILLIAM RILEY v. OTTO LUEDLOFF.

92 N. W. (2d) 806.

October 24, 1958—No. 37,470.

[1]See, 1 Dunnell, Dig. (3 ed.) § 344.

*Odell & Odell,* for appellant.

*G. J. Fillenworth* and *Berens & Rodenberg,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court.

This is an action for damages for personal injuries sustained by plaintiff as a result of an auto-truck collision on March 15, 1955, with defendant on U. S. Highway No. 212 about 4 miles west of Chaska in

Carver County. Defendant admitted liability and the trial was solely on the issue of damages. A verdict was returned for plaintiff in the sum of $8,500. The trial court thereafter denied defendant's motion for a new trial.

Upon appeal defendant's principal contentions are: (1) That the trial court erred when it failed to exclude the opinion evidence of plaintiff's medical expert relative to plaintiff's condition of posttraumatic neurosis which evidence defendant claims was in part based on hearsay information learned out of court by the witness; (2) that the award of damages by the jury was excessive in view of the evidence adduced by plaintiff; (3) that the court erred in admitting certain testimony concerning the profits of plaintiff's business as evidence of plaintiff's earning capacity; and (4) that the court erred in its instructions to the jury by failing to distinguish the loss of business profits from the impairment of earning capacity.

■ In regard to defendant's first contention, plaintiff denies that the testimony of his medical expert was based on hearsay information obtained out of court, but argues that it was based on information derived by the latter through examinations and treatment of the plaintiff subsequent to the accident. In support of his claim plaintiff refers to testimony, on cross-examination of his medical expert, wherein the latter was asked if he did not base his conclusion that plaintiff was suffering from a posttraumatic neurosis on what he thought was plaintiff's condition prior to the accident. The expert replied in the negative and stated that plaintiff had a posttraumatic neurosis at the time of the trial. The witness went on to explain that, based on information he had received from other doctors, he believed that plaintiff had a neurosis prior to his injury "and that this was just an added thing." The doctor admitted that he had never treated plaintiff prior to the accident and that he had inquired during the first week of treatment from other doctors who had treated him as to what kind of a person the plaintiff had been. Counsel for defendant then made the following motion which was followed by a statement by the medical expert:

"Mr. Odell: Your Honor, I believe at this time the defendant will move to strike the plaintiff's testimony in regard to finding of post-

traumatic neurosis, and it's based on hearsay evidence, and therefore it's not a valid conclusion.

"The Witness: I did not state that. I stated that he has definitely a posttraumatic neurosis as a result of this accident."

In view of the obvious denial of the witness as it appears from his testimony it is our opinion that it was not error on the part of the trial court to admit the testimony of plaintiff's medical expert over the objection that it was hearsay based on information obtained out of court.

Generally a medical expert cannot be allowed to give his opinion on information which he has obtained out of court from third parties other than the patient. Miller v. St. Paul City Ry. Co. 62 Minn. 216, 64 N. W. 554. However, no prejudicial error results from the admission of an expert medical opinion based on hearsay evidence when such hearsay evidence pertains only to facts which are otherwise established and corroborated by independent and competent testimony. In re Estate of Forsythe, 221 Minn. 303, 22 N. W. (2d) 19, 167 A. L. R. 1; Pete v. Lampi, 150 Minn. 423, 185 N. W. 653; Thompson v. Bankers Mutual Cas. Ins. Co. 128 Minn. 474, 151 N. W. 180. In the instant case there was uncontradicted testimony from plaintiff's wife that prior to the accident plaintiff was nervous and tense if he had a lot of work to do. Therefore, even assuming that the opinion of the doctor as to posttraumatic neurosis was based on hearsay information to the effect that plaintiff was nervous prior to the accident, no prejudicial error resulted from its admission inasmuch as it was corroborated by independent and competent testimony of plaintiff's wife.

■ With reference to defendant's second contention, it is well established that whether a verdict should be set aside as excessive rests largely in the discretion of the trial court and that an appellate court should not revise the amount of a verdict unless it would be so unjust and the impropriety of allowing it to stand would be so manifest as to show a clear abuse of discretion. Larson v. Degner, 248 Minn. 59, 78 N. W. (2d) 333.

We realize that the damages to be allowed in each case depend upon the particular facts involved as no two cases are exactly alike. The following facts were to be considered by the jury in determining the

amount of plaintiff's general damages incurred as a result of the accident: Traumatic hernia, a bruise over the left ear, complaints of headaches and dizziness, muscle spasm in the lower back, traumatic arthritis, and traumatic neurosis, resulting in nervousness and impotence. In addition, surgery was performed on the hernia and as a result the plaintiff spent from April 4 to April 12, 1955, in the hospital and was "completely disabled until July 12, 1955." Also there were loss of earning capacity and admitted special damages of $1,274.20.

From the evidence as a whole we cannot say that the court abused its discretion in refusing to set aside the verdict and grant a new trial on the grounds that it was excessive.

■ In regard to defendant's third contention that the court erred in admitting the testimony concerning the profits of plaintiff's business as evidence of the plaintiff's earning capacity, we recognize the general rule that in measuring the loss of earning power of one engaged in business for himself no evidence is admissible concerning the profits from capital invested in that business, or from the labor of others employed therein. However, the nature and extent of the business in question may be considered, as well as the services of the plaintiff therein, in order to ascertain the value of such lost services, as the value of such personal services are properly considered in this connection. Piche v. Halvorson, 199 Minn. 526, 272 N. W. 591; Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80.

Reviewing the evidence in the light most favorable to the prevailing party, it appears that the business was run generally by the plaintiff with the aid of his wife, who kept the books and sometimes drove a truck, and with the help of an occasional extra truckdriver. Further, there was evidence as to the nature of the services performed by the plaintiff and others and the character of the capital investment, namely, plaintiff's trucks. Under the facts and circumstances here it is our opinion that there was no reversible error in connection with the admission of the objected-to evidence. See, Annotation, 12 A. L. R. (2d) 288, 317.

■ Finally, the defendant contends that the court erred in failing to distinguish between the loss of business profits and the impairment of earning capacity. Although the court did not use the term "loss of business profits" as indicated by defendant it did use the term "loss of

earnings." It should have distinguished between "loss of earnings" and "loss of earning capacity." A similar error was discussed in Fredhom v. Smith, *supra,* an action to recover for personal injury, wherein it was recognized that the measure of damages to be applied is loss of earning capacity and not loss of earnings. We reassert the holding of that case that if it was error it was without prejudice, particularly where the court's attention was not directed to the distinction.

We have considered other objections to the instructions raised by defendant and while the instructions at some points were not as clear as might be desired we do not consider such objection sufficient to justify a reversal, especially in view of the fact that at the close of the charge the court asked if there were any additions, modifications, corrections, or exceptions and both parties replied in the negative.

Affirmed.