# THOMAS J. FRAIN v. CITY OF ST. PAUL AND OTHERS.

## 112 N. W. (2d) 795.

### January 5, 1962—No. 38,242.

*Robert J. Swords,* Corporation Counsel, and *Donald L. Lais,* Assistant Corporation Counsel, for appellants.

*Thomas Malone,* for respondent.

OTIS, JUSTICE.

This is an action in which the plaintiff, Thomas J. Frain, seeks to recover compensation for salary he asserts was wrongfully denied him as an employee of the city of St. Paul. The matter was submitted to the district court without a jury on stipulated facts, and defendants here appeal from a judgment in favor of plaintiff for the sum of $10,634.06 plus interest.

It appears without dispute that the plaintiff commenced employment with the city of St. Paul in the year 1914 and worked there continuously in various capacities until August 31, 1957, except for a period during World War I when he was in military service. In 1922 Frain was assigned to the water department and became a foreman in the year 1937. On March 16, 1954, for reasons which do not appear in the record, Frain was twice reduced in rank. Neither demotion affected his rate of pay. A third demotion occurred on September 7, 1955, at which time Frain's salary was reduced from $420 to $351 a month.

Although plaintiff thereafter retained counsel and for some time negotiated with the city in an attempt to regain his position as foreman, his efforts were unsuccessful. No legal steps were ever taken to secure his reinstatement, either through channels specified by the city charter or by suit against the city. On August 5, 1957, the plaintiff brought an action in the municipal court of St. Paul to recover the amount of salary he lost because of the demotions and he secured judgment against the city in the sum of $1,615.90. On August 31, 1957, the plaintiff submitted his resignation to the general manager of the water department and thereafter applied for and received retirement benefits from the Public Employees Retirement Association. In the present litigation, commenced December 2, 1958, Frain seeks to recover the salary to which he would have been entitled as a foreman in the water department had he not been demoted and resigned, deducting, however, the amount of the municipal court judgment.

The defendants admit that plaintiff was improperly demoted on September 7, 1955, and that he sustained damages thereby. The only question which defendants have put in issue is whether they are liable to plaintiff for the amount of his salary subsequent to his resignation on August 31, 1957.

Under the provisions of the St. Paul City Charter, plaintiff could not legally be reduced in grade without being given written notice of the reasons for such action and an opportunity to be heard.[1] In addi-

---

[1] St. Paul City Charter, §§ 98 to 109(a); St. Paul City Charter and Ordinances, Appendix A, Civil Service Rules, Rule V, §§ 37 and 38.

tion, he was entitled to all of the protection of the Veterans Preference Law, Minn. St. 197.45 and 197.46. It is conceded that the demotions were accomplished without any pretense of legality and without following any of the provisions of the statute, charter, or civil service rules.

The trial court found that the plaintiff had not forfeited or waived his right to receive his original salary by resigning from the water department and by retiring from service. It awarded plaintiff compensation for the period from September 7, 1955, to the date of the court's decision, amounting to $13,134.06, less credit for the sum of $2,500 to which the municipal court judgment had been increased. The measure of damages adopted by the court was the difference between the amount of salary plaintiff should have received as foreman and the amount he actually was paid up to the time of his resignation, plus the full amount of his initial salary thereafter until the findings were entered.

■ Defendants' original assignments of error merely stated that the trial court's conclusions of law and order for judgment are contrary to the undisputed facts and are contrary to law. Plaintiff correctly asserts that they were inadequate to raise any issues on appeal. McIntyre v. Peterson, 210 Minn. 419, 298 N. W. 713; In re Delinquent Real Estate Taxes, Roseau County, 212 Minn. 562, 4 N. W. (2d) 783. However, the defendants have by amendment set forth assignments which create justiciable issues for review. In any case, plaintiff has addressed himself to the questions discussed in defendants' brief and, under these circumstances, we deem the objections waived. Linneman v. Swartz, 235 Minn. 107, 50 N. W. (2d) 47; Larson v. Degner, 248 Minn. 59, 78 N. W. (2d) 333; Kuhlmann v. Educational Publishers, Inc. 245 Minn. 171, 71 N. W. (2d) 889.

■ Since it is conceded that plaintiff was wrongfully demoted, there is little question but that he would have prevailed if he had brought an action to secure his reinstatement to the original position of foreman. Had such a course been pursued, he would be entitled to payment of his back salary as foreman as well as continuing compensation in that capacity until such time as he was incapable of performing his duties, was demoted through lawful procedures, or voluntarily

resigned. However, this is not the remedy he has sought. On the contrary, he has voluntarily terminated his employment relation with the city of St. Paul and has thereby foreclosed his right to demand salary for the period following his resignation.

In order to qualify for benefits from the Public Employees Retirement Association there must be a "termination of public service for the purpose of retirement." Minn. St. 1957, § 353.13. The statute speaks of a "separation from public service." Minn. St. 353.29. While plaintiff vigorously objects to our being concerned with his application for retirement benefits and claims that this is a private matter between himself and the association, we are of the opinion that he is governed by the implications involved in receiving retirement benefits and is estopped to deny the legal effect it has on his claim for salary.

According to Webster's New International Dictionary (3 ed.) (1961), these words are defined as follows:

To *"terminate"*—to end formally and definitely as a contract; to discontinue employment;

To *"resign"*—to give up deliberately, renounce by a considered or formal act, relinquish or forswear one's office, rank or post formally and definitely;

To *"retire"*—to withdraw from office, public station, occupation, or active duty;

*"Separation"*—termination of contractual relationship (as from employment).

Two Minnesota cases have dealt with the effect of a resignation from municipal employment. Byrnes v. City of St. Paul, 78 Minn. 205, 80 N. W. 959; Byrne v. City of St. Paul, 137 Minn. 235, 163 N. W. 162, L. R. A. 1917F, 545. The Byrnes case involved the unauthorized discharge of a police officer by the chief of police, following which the officer surrendered his keys and badge and failed to report for duty for 10 days. Although he had persisted in efforts to regain his position, he brought no legal action for reinstatement and performed no subsequent service, and a successor was appointed. Nearly 4 years later he sued for back salary. We held that having taken no effective measures to obtain reinstatement and having per-

mitted another person to replace him, the plaintiff had voluntarily abandoned and relinquished his office and had (78 Minn. 209, 80 N. W. 959) "resigned by implication."

In the Byrne case the plaintiff was a city employee who was protected by civil service, but during a reorganization of the department in which he was employed he tendered a written resignation at the request of his department head. When some time later the resignation was accepted, plaintiff attempted without success to regain his employment. He then sued for the salary he would have received had he retained his job. We held that in the absence of any evidence of fraud, coercion, or an attempt to circumvent the civil service law, plaintiff had voluntarily relinquished his rights and had taken himself out of the service. See, also, Annotation, 145 A. L. R. 767.

In our view of the matter, a cause of action for damages for wrongful demotion is intended to reimburse the employee for compensation he would have earned had he been given the opportunity to pursue the duties his original position entailed. The award presupposes the availability of the employee to do the work which the employer improperly denied him a chance to perform. By way of illustration, if an employee were wrongfully discharged or demoted from a position he held under a contract of employment which extended for a specific number of years, his estate would certainly not be permitted to recover damages based on the full span of the contract if he died before the full period elapsed.

By his resignation plaintiff represented to the defendants that he was no longer available for service with the city in any capacity. To hold that this deliberate act has no significance would be to expose the city to potential liability in nearly every case of a retirement involving civil service or veterans' preference. It would almost require a declaratory judgment action to protect the city adequately whenever these positions were vacated by resignation. As we stated in State ex rel. Sprague v. Heise, 243 Minn. 367, 374, 67 N. W. (2d) 907, 912:

"* * * it is important that the individual claiming rights under civil service or the veterans preference law assert his rights promptly in

order that the municipality's liability to pay twice be minimized as much as possible."

In conclusion, we hold that a municipal employee's voluntary resignation from service after he has been wrongfully demoted and reduced in pay is a final determination of his right to continue his employment and forecloses his claim for salary thereafter accruing.

Reversed.