## JAMES GORDON, A MINOR, BY WARREN GORDON, JR., HIS GUARDIAN AD LITEM, v. ENGINEERING CONSTRUCTION COMPANY.

135 N. W. (2d) 202.

May 14, 1965—No. 39,438.

*Gordon Rosenmeier* and *John E. Simonett,* for appellant.

*Tyrrell, Jardine, Logan & O'Brien* and *Raymond W. Fitch,* for respondent.

OTIS, JUSTICE.

Plaintiff, an infant, seeks to recover damages for personal injuries sustained as a result of riding a tricycle into a trench excavated across a public street by the defendant contractor. This appeal is from an order denying a new trial after a directed verdict in favor of defendant.

On May 20, 1960, plaintiff, who was then 3½ years of age, rode a tricycle downgrade on the blacktop surface of First Avenue near his home in Little Falls, struck an excavation which was from 18 inches to 2 feet wide and 3 to 5 inches in depth, fell from the trike, and struck his head on the pavement.

The trench had been dug across the street by the defendant for the purpose of laying a gasline. There is testimony from which it could be found that the backfilling consisted of loose sand or gravel and that this condition had existed for several weeks. There were no barriers or warning signs of any kind, and the street was open for traffic. In the block where the accident occurred there were no sidewalks.

At the conclusion of plaintiff's case, defendant moved for a directed verdict on the ground that plaintiff had failed to establish a cause of action or prove more than minimal damages. The motion was granted.

■ With respect to the issue of liability, defendant relies on Knox v. City of Granite Falls, 245 Minn. 11, 72 N. W. (2d) 67, 53 A. L. R. (2d) 1091. That case involved an injury to a child sustained when she was burned by an unguarded flare at the site of a street excavation. The rules we applied in the Knox case evolved from the so-called "attractive nuisance" cases applicable to trespassing children. Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194. Clearly, however, the injury in the instant case did not re-

sult from trespassing but rather from the use of a public highway where plaintiff had a right to be. While we are not called upon to determine whether Minn. St. 169.221 governs tricycles as well as bicycles, no reason occurs to us why the duty owed plaintiff should not be determined by the ordinary rules of negligence applicable to utility companies and contractors who excavate or place obstacles in a public highway. McDonald v. Western Union Tel. Co. Inc. 250 Minn. 406, 412, 84 N. W. (2d) 630, 634; Nye v. Dibley, 88 Minn. 465, 467, 93 N. W. 524, 525. We therefore hold that the question of defendant's negligence should have been submitted to the jury.

■ Apart from a disputed claim that plaintiff sustained serious head injuries, there was uncontradicted testimony by both his parents and the attending physician that plaintiff suffered cuts and bruises about the face and mouth which caused bleeding to his lips and gums. However slight these injuries may have been, their severity was a fact question for the jury and the rule of "de minimis non curat lex" had no application. It was therefore error to direct a verdict on that issue.

■ Since there is to be a new trial, we feel it appropriate to discuss the exclusion of certain expert testimony. Because of convulsive seizures which plaintiff appeared to suffer after the injury with greater frequency and severity than he had experienced prior to the accident, a neurologist was consulted by the attending physician. When asked to describe his examination and treatment, he referred to a history of behavior disorder furnished him by plaintiff's parents. Upon objection, this testimony was excluded as based on hearsay. In our opinion, that ruling was erroneous. Ordinarily, a medical opinion predicated on information obtained from a third party other than the patient is not admissible, although we have held it is not prejudicial to receive it if the history relied on has been corroborated by independent and competent testimony. Riley v. Luedloff, 253 Minn. 447, 450, 92 N. W. (2d) 806, 809. However, we believe the rule should be otherwise with respect to a history furnished by the attending physician or nurse, more particularly when the nurse is the patient's parent, if the patient is incompetent to provide the information himself by reason of infancy or other disability. In this conclusion we find support in Yellow Cab Co.

v. Henderson, 183 Md. 546, 552, 39 A. (2d) 546, 550, 175 A. L. R. 267, 271, and 3 Wigmore, Evidence (3 ed.) § 688, p. 8. The foundation in the instant case was therefore proper.

■ The opinion of the attending physician with respect to possible brain injury was also excluded as a conclusion not based on a proper foundation. Whether or not the inquiry here pursued was adequately or artistically formulated, we suggest that in situations of this kind it is better practice for the trial court to insist on counsel's framing a proper question than to acquiesce in the continued exclusion of what may be pertinent evidence because of technical imperfections which might readily be corrected.

Reversed and new trial granted.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.