## LEONA M. SEIDL v. TROLLHAUGEN, INC.

232 N. W. 2d 236.

August 1, 1975—No. 45302.

*Clarance E. Hagglund* and *Joel M. Muscoplat,* for appellant.
*Briggs & Morgan* and *Gerald L. Svoboda,* for respondent.

PER CURIAM.

This appeal arises from a personal injury action resulting from a skiing accident.

Mrs. Leona M. Seidl, plaintiff, was injured on January 9, 1971, while skiing at the Trollhaugen ski area in Dresser, Wisconsin. After skiing for approximately 2 hours, plaintiff was half way down the hill when she turned to her left and was struck from behind; she suffered injuries in the collision.

Plaintiff testified that she was struck from behind by two skiers while in the process of traversing one of the ski slopes. She was able to identify both skiers as Trollhaugen ski instructors from their dis-

tinctive yellow uniforms. In addition, she recognized one of the two skiers from having seen him several times before and knew him to be a Trollhaugen ski instructor.

Four witnesses were called by defendant, Trollhaugen, Inc. Three testified that they were on the slopes together practicing ski maneuvers and were at least 30 yards from plaintiff when the collision occurred. They further testified that the skier colliding with plaintiff wore dark green and blue clothing. The fourth witness testified that he saw the impact, saw the instructors ski over to aid plaintiff, and noticed also that the person who had collided with her wore all dark clothing.

Each of the witnesses who testified that it was not a ski instructor who hit plaintiff was, or had been, an employee of Trollhaugen. Further, these four witnesses offered contradictory testimony as to whether plaintiff was struck by one skier or two, and as to where they, themselves, were standing prior to the collision. All of these factors provided support for the jury's discrediting these witnesses.

The jury found by special verdict that the person who collided with plaintiff was a ski instructor and that his negligence was a direct cause of the accident. They further found that plaintiff was also negligent, but that her negligence was not a direct cause of the accident. Plaintiff was awarded damages in the amount of $18,000. The trial judge thereafter denied defendant's post-trial motions, and defendant appeals.

1. The jury found that the person who struck plaintiff was a Trollhaugen ski instructor. Defendant asserts that, in light of the overwhelming contrary evidence, such a finding was impermissible. As a result, defendant asserts that it was entitled to judgment notwithstanding the verdict.

To determine the propriety of an order denying judgment notwithstanding the verdict, the applicable standard is whether there is any competent evidence reasonably tending to sustain the verdict. A motion for judgment notwithstanding the verdict admits every inference reasonably to be drawn from the evidence as well as the credibility of the testimony for the adverse party. Unless we are able to determine that the evidence is practically conclusive against the verdict, or that reasonable minds could reach but one conclusion against the verdict, the trial court's order denying the motion for judgment notwithstanding the verdict should stand. Brown v. Arthur Schuster, Inc. 300 Minn. 106, 217 N. W. 2d 850 (1974).

Here, plaintiff unequivocally testified that she was struck by two ski instructors, one of whom she recognized at the time of the collision. Although four witnesses testified that the person colliding with plaintiff

was not a ski instructor, evidence was introduced at trial attemping to undermine the credibility of those four witnesses. It cannot be said that plaintiff's testimony was either irreconcilable with any undisputed material facts or inherently improbable; her testimony alone could support the verdict.

We have held that simply having the greater number of witnesses on appellant's side will never justify a rejection of a jury verdict. Rather, the testimony of a single witness may suffice as the basis for a verdict. Kime v. Koch, 227 Minn. 372, 35 N. W. 2d 534 (1949); Waldo v. St. Paul City Ry. 244 Minn. 416, 70 N. W. 2d 289 (1955). Where the resolution of a disputed fact turns largely upon an assessment of the relative credibility of witnesses whose testimonial demeanor was observed only by the jury and the trial court, and where the trial court has approved the jury's finding, we are obliged to affirm. Gibeau v. Mayo, 280 Minn. 170, 158 N. W. 2d 589 (1968). We therefore affirm the trial court's denial of defendant's motion for judgment notwithstanding the verdict.

2. Defendant next asserts that, even if the evidence was sufficient to support a jury finding that a ski instructor did cause plaintiff's injuries, defendant was not responsible for any injuries caused by one of its ski instructors who was not acting within the course and scope of his employment.

It is of course true that a master is liable for the torts of its servants only if the tort is committed within the course and scope of the servant's employment. Ismil v. L. H. Sowles Co. 295 Minn. 120, 203 N. W. 2d 354 (1972). The determination of the relevant "scope of employment" depends upon the circumstances of each individual case, and is a question of fact to be determined by the appropriate trier of fact. Nelson v. Nelson, 282 Minn. 487, 166 N. W. 2d 70 (1969).

The procedural record in this case, however, clearly demonstrates that the agency question was never at issue during the course of the trial. Not until defendant's post-trial motions was it argued that the ski instructors were not acting within the scope of their employment at the time plaintiff was injured.

Rule 49.01, Rules of Civil Procedure, provides that when a case is submitted on a special verdict a party must request submission of every factual issue to the jury before the jury retires. If he does not, the right to a jury finding is waived. Larson v. Degner, 248 Minn. 59, 78 N. W. 2d 333 (1956); Wormsbecker v. Donovan Const. Co. 247 Minn. 32, 76 N. W. 2d 643 (1956).

On the basis of Rule 49.01, the trial court itself made a finding on the

question of agency, ruling that "the ski instructors * * * were agents of the defendant." Such a finding of fact may not be set aside unless clearly erroneous on the record as a whole. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972); Rule 52.01, Rules of Civil Procedure. We have reviewed the record and conclude that there was ample evidence to support the trial court's finding of an agency relationship.

3. Defendant also asserts that plaintiff had affirmatively assumed the risk of her injury, and that the jury should have been allowed to consider that defense. The trial court ruled that assumption of the risk was not applicable to the facts of this case, and denied a request to submit the defense to the jury. The trial court did, however, submit the issue on the doctrine of contributory negligence.[1]

In order to establish that plaintiff secondarily assumed a risk, a defendant must show that the plaintiff had knowledge of the specific risk involved, appreciated that risk, and voluntarily chose to assume it. Coenen v. Buckman Building Corp. 278 Minn. 193, 153 N. W. 2d 329 (1967). Thus, the essential element of secondary assumption of the risk is the voluntary assumption of a specifically known and appreciated danger. Reikow v. Bituminous Const. Co. Inc. 302 Minn. 316, 224 N. W. 2d 921 (1974); Milloch v. Getty, 300 Minn. 442, 220 N. W. 2d 481 (1974).

Viewing the evidence in a light most favorable to defendant, defendant established only that plaintiff was aware of "inherent risks" in skiing. At no time did defendant introduce evidence as to plaintiff's knowledge of the specific risk of being hit on the slopes by other skiers. There is no evidence that plaintiff had knowledge of that particular risk prior to the time of injury or even that she knew such a risk to be one of the ordinary inherent risks of skiing. As a result, the trial judge properly submitted this issue to the jury strictly on a comparative negligence basis.

4. At the conclusion of plaintiff's closing statement, defendant

---

[1] This cause of action arose before Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), in which we held that assumption of risk in its secondary sense is to be considered as a phase of contributory negligence to be submitted with and apportioned under our comparative negligence statute, Minn. St. § 604.01, subd. 1. However, this change in our law was expressly limited to causes of actions arising after the date of that decision. Thus, in the case at bar, a finding that plaintiff had assumed the risk would constitute a complete bar to her recovery of damages and, as such, assumption of risk would properly be considered independently from the question of contributory negligence.

510

moved for a mistrial. Defendant based this motion on certain allegedly prejudicial remarks made by plaintiff's counsel. Defendant asserts that plaintiff's counsel commented on defendant's failure to call a physician to rebut the testimony of plaintiff's doctor, and that, as a result, an inference was raised that defendant was concealing evidence. After the motion for a mistrial was denied, the trial court asked defendant's counsel if he wished a corrective instruction, and he responded in the negative. Thus, defendant affirmatively waived its right to a corrective jury instruction.

The matter of granting a new trial for improper argument of counsel is governed by no fixed rules but rests almost wholly in the discretion of the trial court. The action of a trial court in this regard will be reversed on appeal only for a clear abuse of discretion. Wilson v. Sorge, 256 Minn. 125, 97 N. W. 2d 477 (1959); Kramer v. Kramer, 282 Minn. 58, 162 N. W. 2d 708 (1968). No such abuse of discretion occurred here. Any negative inference which might have been raised by plaintiff's counsel's remarks would have related to the issue of damages. Nowhere does defendant suggest that the amount of damages awarded by the jury was excessive. As a result, no prejudice has been shown.

Affirmed.