WALTER A. CRAIG *v.* HENRY B. PARKHURST.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 11, 1941.

*Hubert S. Pierce* for defendant.

*Conant & Parker* for plaintiff.

BUTTLES, J. The plaintiff and defendant were walking through woodland, the defendant in advance of the plaintiff. While so walking the plaintiff suffered an injury which resulted in the loss of his right eye, caused, he alleges, by negligence of the defendant in bending over a portion of a bush, or tree, which it appears might more properly be called a small sapling, and then allowing it to fly back and strike the plaintiff's eye. In this tort action the plaintiff seeks damages for such alleged negligence.

Verdict and judgment were for the plaintiff and the defendant comes here on exception to the denial of his motion for a directed verdict based upon the grounds, in brief, of contributory negligence and assumption of risk by the plaintiff.

The evidence viewed in the light most favorable to the plaintiff would warrant findings as follows: The plaintiff and defendant had been engaged in looking over a wood or timber lot with a view to its possible purchase by defendant and had started to return home a few minutes before the accident. Plaintiff had been leading the way through the woods, but when they started home defendant took the lead although plaintiff told the defendant the way to go and once or twice thereafter defendant asked plaintiff if he was going right. The parties were walking down a slight grade at the time of the accident over rough ground where there were some stones and stumps and not many small trees. The plaintiff before his injury was near sighted and his vision was somewhat defective, and as they walked along plaintiff was looking where his footsteps were going and to see the general direction. He did not see defendant bend the sapling over nor did he see it snap back when it hit him. The defendant had caused no previous snapping back of bushes or small growth as he walked ahead of plaintiff. Plaintiff had had much expe-

rience in the woods and had known since he was about 15 years old that a person going through woods ahead of another might have a branch come back and hit the person walking behind, and that if the person ahead holds on to the branch it won't fly back.

The jury by its verdict found the defendant was guilty of negligence and this finding, which was not challenged, is based upon evidence tending to show that defendant took hold of the branch or sapling that caused the injury, pulled it way over and then released it. The distance between the parties at the time of the injury was in dispute. The plaintiff's evidence tended to show that he was 5 or 6 to 8 feet behind, while the defendant's evidence was that this distance was about 12 feet.

But the sapling which caused the injury was an exhibit in the case. It was a forked stick with two prongs. The distance from the base to the tip of the shorter prong following contour of the wood was 64½ inches and to the tip of the longer prong, measuring in the same way, 74 inches. The plaintiff, demonstrating with the exhibit, stood it on the floor and measured on his body showing that it came just to his eye. He testified that the limb stood just like that and came just to his eye. He also testified that on the day of the accident the longer prong had leaves on it but the shorter one was dead. It was stated in argument that the plaintiff's eye was struck by the tip of the shorter prong and that the sapling was cut off even with the surface of the ground. We cannot ignore the undisputed physical facts shown by the record, *Widham* v. *Town of Brattleboro,* 105 Vt. 210, 215, 166 Atl. 22; *Wellman, Admr.* v. *Wales,* 98 Vt. 437, 443, 129 Atl. 317 and it is obvious that the length of the sapling makes it impossible for the plaintiff to have been injured in the manner he claims to have been injured while he was 12 feet distant from the defendant.

The question of contributory negligence raised by the defendant is entirely a question of whether plaintiff was walking nearer the defendant than a prudent man would have done under like or similar circumstances. Even if he was walking five feet from the defendant—the shortest distance indicated by the evidence—can it be said as a matter of law that plaintiff violated the prudent man rule?

It is apparent that if defendant took hold of the shorter

prong it would be necessary for him to seize it near the tip end and extend it for nearly or quite its full length in order to cause it to spring back five feet and strike the plaintiff's eye while he was standing, as he demonstrated, near the base of the sapling. The same thing would be true if the longer limb was seized since the additional length thereof would probably be more than offset by the growth of the limb during the three years that elapsed between the date of the accident and the date the sapling was cut.

■■ There was here no infraction of the prudent man rule if the plaintiff took such precautions for his own safety as a prudent man would have taken under like circumstances. Clearly it cannot be ruled as a matter of law that a prudent man would anticipate such an act by the defendant as must have produced the injury to the plaintiff. Whether there was such contributory negligence could be at most no more than a question of fact for the jury, since the facts disclosed by the evidence were not so conclusive that but one reasonable deduction could be drawn therefrom. *Parker, Admr.* v. *Smith,* 100 Vt. 130, 132, 135 Atl. 495; *Steele* v. *Fuller,* 104 Vt. 303, 308, 158 Atl. 666.

■■ Some courts hold that the doctrine of assumption of risk has no application in actions for negligence where the parties do not occupy a contractual relation, but this court is committed to the view that, independently of any contractual relation, there may be a voluntary assumption of the risk of a known danger such as will bar one from recovery for injury to person or property even though in the exercise of due care. *Gover* v. *Cent. Vt. Ry. Co.,* 96 Vt. 208, 213, 118 Atl. 874. If one knowing and comprehending the danger exposes himself to it, though not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom. *Gover* v. *Cent. Vt. Ry. Co., supra; Goodwin, Admx.* v. *Gaston et al.,* 103 Vt. 357, 365, 154 Atl. 772.

■ It is quite apparent from the foregoing discussion that it cannot be ruled as a matter of law that the plaintiff knew and comprehended the danger which caused his injury and that he voluntarily exposed himself thereto.

No other exceptions were briefed by the defendant and the result must be

*Judgment affirmed.*