The Granite Acceptance Corp. *v.* William Fergnani.

(71 A2d 422)

January Term, 1950.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Blackmer, JJ.
Opinion filed February 7, 1950.

*Barber & Barber* for the defendant.

*Edwards & Bigelow* for the plaintiff.

Sherburne, C. J.   This is an action for the conversion of a mortgaged Kaiser automobile.   From a verdict and judgment for the plaintiff the defendant has excepted.

On September 14 or 15, 1948, John Cowing of Bellows Falls, a dealer in Kaiser-Frazer automobiles, obtained by telephone from the Rutland Motor Sales Corporation, Vermont distributor of such automobiles, the motor and serial numbers of the car in question. In the morning of September 16, 1948, Cowing sold the car to the defendant for cash and gave him a receipt or bill of sale, upon which were these motor and serial numbers.   In the afternoon of that day Cowing gave a chattel mortgage to the plaintiff upon this car, in which these numbers were written, to secure a loan of $1950.00, and received in return a check for that amount made out to the Rutland Motor Sales Corporation to be used in payment for the car.   This mortgage was duly recorded at 9:30 A. M. September

17, 1948. On that day Cowing went to Rutland, and using this check in part payment got the car, and received from the Rutland Motor Sales Corporation a bill of sale for it. Cowing delivered the car to the defendant that afternoon.

The only question raised here is whether Cowing owned the car at the time he mortgaged it, and the court tried the case and submitted it to the jury upon the theory that the plaintiff must prove that Cowing then owned it in order to recover. All evidence of such ownership came from Cowing. He was in an awkward spot and his testimony was conflicting. Viewing his testimony most favorably to the plaintiff it reasonably tends to show that he was a straight factory dealer in Kaiser cars under appointment from the Rutland Motor Sales Corporation, and had done considerable business with that corporation, that on September 14 or 15, 1948, when he got the motor and serial numbers of this car over the telephone from such corporation, he was told by some one there, whose name he could not recall since he had dealt in over 500 automobiles that year, that they would sell this car to him, and that he replied that he would buy it. In 1948 automobiles were hard to get and Cowing had to take anything and everything that he could get to take care of the demand, "anything that had four wheels and a steering wheel" that he could sell. He further testified that he intended to purchase this car and supposed that he had purchased it by telephone. Although the general manager of the Rutland Motor Sales Corporation testified that his records showed that the car was sold to Cowing on September 17, 1948, he also testified that it wasn't the regular practice of his business to supply dealers with motor and serial numbers prior to date of delivery but that it had been done, and that numbers on one car had been furnished to Cowing, but he didn't know if it happened to be this one or not.

Defendant moved for a directed verdict at the close of all the evidence, to set aside the verdict, and for judgment notwithstanding the verdict. These motions were denied subject to exception. The grounds of all were alike, that there was no evidence of any possession or possessory rights in the car or of any legal title in the plaintiff, or that the plaintiff was the owner of and possessed the car on September 16, 1948; and that there was no substantial evidence to show other than that the car was sold to Cowing on September 17, 1948, and that by the undisputed testimony of the witnesses title was not transferred to Cowing until that date,

wherefore the plaintiff could take no title or right of possession by the mortgage of September 16, 1948.

In passing upon these motions the court and counsel referred to V. S. 47, §§ 7871 and 7872. These sections, so far as here material, read as follows:

> "7871. I. Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.
>
> II. For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case.
>
> "7872. Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer.
>
> Rule 1. Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed.
>
> Rule 2. Where there is a contract to sell specific goods and the seller is bound to do something to the goods for the purpose of putting them into a deliverable state, the property does not pass until such thing is done."

We think that Cowing's telephone conversation with the unremembered person at the office of the Rutland Motor Sales Corporation was sufficient evidence to show that the property in this car passed to him at the time of this conversation under the foregoing sections, taking into consideration that such person gave him the correct motor and serial numbers, and the admission of the corporation's manager that such numbers had been furnished to Cowing on one occasion, and that Cowing had done considerable business with this corporation and believed that he

had purchased this car over the telephone, and that in a period when automobiles were scarce and hard to get this car was held for two or three days after this conversation and then delivered to him. The defendant makes the point that there was no evidence that the car was in a deliverable state, but it is a matter of common knowledge that the makers of automobiles deliver them to their distributors fully assembled, and all that is required to put them on the road is gasoline and oil and possibly some minor adjustments, which we do not consider to be something which the distributor is bound to do to put them into a deliverable state within the meaning of the statute, in the case of a sale to a dealer. Cowing was willing to accept anything that had four wheels and a steering wheel.

Under his claim that there was no evidence that Cowing had title to the car at the time he executed the mortgage, the defendent here for the first time calls attention to our statute of frauds relative to the sale of goods and chattels, V. S. 47, §§ 1717, 7857, and our cases construing same. He admits that the record does not show that he excepted to the charge of the court or that he pointed out the provisions of the statute to the trial court, but argues that he is entitled to raise the question here under his exception to the validity of the mortgage, and says that where an entire absence of right of action in favor of the plaintiff appears on the face of the record an objection on that ground may be asserted here for the first time. As to the last claim, whether it is a correct statement of the law or not, it is sufficient to say that under our practice a matter like the one here involved does not appear upon the face of the record in the absence of a valid exception.

■■ We have repeatedly held that a motion for a verdict must point out the precise ground upon which it is predicated; otherwise it is not error to overrule it. *Dansro* v. *Scribner,* 108 Vt 408, 411, 187 A 803; *Castonguay* v. *Grand Trunk Ry. Co.,* 91 Vt 371, 375, 100 A 908, and cases cited. The moving party is bound to assist the ·court to an adequate understanding of the situation presented to the end that the court may make its ruling understandingly. *Dansro* v. *Scribner, supra; Grapes* v. *Willoughby,* 93 Vt 458, 460, 108 A 421. In this case the exceptions are altogether too general to raise the question of the statute of frauds for our consideration. It does not appear in the record that the court had in mind the specific claims which are now made, and so the rule in *Wentworth*

v. *Waterbury*, 90 Vt 60, 64, 96 A 334, does not apply. In fact the contrary appears.

The only other exception briefed relates to the admission of the mortgage in evidence. This was based upon grounds similar to the motions referred to.

Defendant's exceptions are not sustained.

*Judgment affirmed.*