## Madelaine Benoit v. Hugh M. Marvin, Et Als

[138 A2d 312]

November Term, 1957.

Opinion Filed January 7, 1958.

*Theriault & Joslin* for the defendant.

*Joseph W. Foti* (*Charles J. Adams* on the brief) for the plaintiff.

**Cleary, J.** This is a suit in tort for negligence. The defendants pleaded the general issue. Trial was by jury, resulting in a verdict and judgment for the plaintiff. The case is here on the defendants' exceptions to the denial of their motions for a directed verdict, to set aside the verdict, for judgment notwithstanding the verdict, and for failure to charge in accordance with their requests numbered 4 and 5.

The grounds of all of the motions are identical:

1. That the evidence, viewed in the light most favorable to the plaintiff, failed to show any actionable negligence on the part of the defendants or that they failed in the performance of any duty owed to the plaintiff;

2. the plaintiff assumed the risk;

3. the plaintiff was guilty of contributory negligence.

■ The plaintiff contends that the first ground of the motions is too general and not specific enough to serve as a basis for finding error on the part of the trial court. She admits in her brief that defendants' counsel further explained the motions by argument as shown by the transcript. It there appears that the court below must have had in mind the defendants' claims that there was no evidence that they had violated any duty owed to the plaintiff or had permitted any hazard or any condition to exist which was the sole proximate cause of the plaintiff's injury. In such circumstances the general ground of the motion avails the defendants to raise the question. *Wentworth* v. *Town of Waterbury,* 90 Vt 60, 64, 96 A 334. See also *Merchants Natl. Bank* v. *Carpenter,* 105 Vt 339, 343, 165 A 909 and *Granite Acceptance Corp.* v. *Fergnani,* 116 Vt 155, 158-159, 71 A2d 422.

■ In passing upon motions such as these the evidence must be taken in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. If there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim the question was for the jury and the motions were properly denied. *Enosburg Grain Co.* v. *Wilder & Clark,* 112 Vt 11, 15, 20 A2d 473; *Ready* v. *Peters,* 119 Vt 10, 11, 117 A2d 374, and cases there cited.

The defendants owned and operated a roller skating rink on the Barre-Montpelier road, called the Paradise Ball Room, where they charged an admission fee and allowed the public to roller skate. After paying the admission charged the plaintiff fell and was injured while roller skating on the defendants' Ball Room floor. The defendants admitted that the plaintiff was a business invitee and the trial court charged that the plaintiff was a business invitee. No exception was taken to this charge. In this situation the defendants owed to the plaintiff the duty to use reasonable care to keep the premises in a safe and suitable condition so that the plaintiff would not be unnecessarily or unreasonably exposed to danger and if a hidden danger existed, known to the defendants, but unknown and not reasonably apparent to the plaintiff, to give warning

of it to the latter, who had a right to assume that the premises, aside from obvious dangers, were reasonably safe for the purpose for which she was upon them, and that proper precaution had been taken to make them so. *Wakefield* v. *Levin,* 118 Vt 392, 397, 110 A2d 712, and cases there cited.

The roof of the Ball Room building is rather flat and is not sloped enough to drain off easily. The roof leaked when it rained and the water dripped on the floor used for roller skating, leaving wet spots on the floor and making the floor more slippery for skating. These facts were known to the defendants but they permitted skating whether or not the floor was wet and there was no warning sign respecting wet floors or respecting wet spots on the floor.

According to records kept for the United States Weather Bureau at Northfield, Vermont, ten miles from the Paradise Ball Room, it rained on May 31, 1955 and, on the following day June 1, there was a heavy rain all day, totaling 1.37 inches. The official records kept by the U. S. Weather Bureau show the rainfall at the Montpelier-Barre Airport on May 31, 1955 totaled .99 inches and on June 1, 1955 1.19 inches. InMontpelier it rained all that evening. It was raining when the plaintiff entered the Ball Room and was raining when she left after her accident. At that time the plaintiff was 22 years old, had four years experience at roller skating, had good balance and control, and was better than an average skater. She used her own skates. She arrived at the Ball Room in the company of her young man about nine o'clock in the evening, put on her skates, and went around the floor a few times to limber up. One of the defendants then announced a "Kentucky Steal". This was skated at slow rhythm to waltz music and each skater changed partners when one of the defendants blew a whistle. The lights were out, except spot lights shining on a revolving crystal ball in the ceiling and the room was dim except for the light at the entrace. While skating with a boy whom she did not know the plaintiff slipped and fell like on a grease spot; her feet shot from under her so she had no control whatsoever; she had no opportunity to stop or protect herself; she landed on the floor, first striking it with her chin, and needed assistance to get up. Later she noticed there were spots of

discoloration on the floor in the area where she fell and she had barely gone past one of them before she fell. When she fell her body moved away from the spot where she lost her balance. When she looked at the area where she had slipped it looked like a wet spot. She did not notice anything about the leaky roof until after the accident, when she first learned of it. After the fall the person who assisted her noticed wet spots on the floor in the area, one of them quite near where she was lying.

From the foregoing the jury, acting fairly and reasonably, could have found that the defendants did not use reasonable care to keep the premises in a safe and suitable condition, that they knew or should have known that wet areas existed on the floor at the time of the plaintiff's accident, that the wet spots constituted a hidden danger which was unknown and not reasonably apparent to the plaintiff, that the defendants failed to warn the plaintiff of the danger and that the dangerous and slippery condition of the floor was the sole proximate cause of the plaintiff's fall and injury.

■ The burden of showing freedom from contributory negligence was on the plaintiff but direct and affirmative evidence of due care on her part was not required. It was enough to carry the question to the jury to give evidence of such facts and circumstances as warranted an inference of due care on the plaintiff's part. *Huestis* v. *Lapham's Estate*, 113 Vt 191, 195, 32 A2d 115, and cases there cited. As this Court stated in *Higgins* v. *Metzger*, 101 Vt 285, 294, 143 A 394, 398, where it quoted from *Sharby* v. *Fletcher*, 98 Vt 273, 278, 127 A 300, "any evidence that tended to show that plaintiff's injuries were due solely to the alleged defects necessarily tended to show freedom from such negligence on the part of the driver". It is apparent that, on the facts we have mentioned, the jury was not precluded from finding that the plaintiff was not guilty of negligence which contributed proximately to cause the injury.

■■ The defendants claim that a patron of a roller skating rink assumes the necessary and obvious risks incidental to the recreation, citing *Dusckiewicz* v. *Carter*, 115 Vt 122, 125, 52 A2d 788. But this was not an ordinary risk. It was

an extraordinary one, and therefore not assumed by the plaintiff unless she knew and comprehended it, or it was so plainly observable that she will be taken to have known and comprehended it. *Drown* v. *N. E. Tel. & Tel. Co.*, 80 Vt 1, 14, 66 A 801; *Garfield* v. *Passumpsic Tel. Co.*, 91 Vt 315, 321, 100 A 762; *Blaisdell* v. *Blake*, 111 Vt 123, 126, 11 A2d 215; *Craig* v. *Parkhurst*, 111 Vt 486, 489, 18 A2d 173; *Waterlund* v. *Billings*, 112 Vt 256, 262, 23 A2d 540; *Huestis* v. *Lapham's Estate*, 113 Vt 191, 197, 32 A2d 115. The burden of showing she did not assume the risk was on the plaintiff but direct and affirmative and positive evidence is not required. It may be established by proof of such facts and circumstances as would warrant the jury in drawing such an inference. *Fowlie's Admx.* v. *McDonald, Cutler & Co.*, 82 Vt 230, 239, 72 A 989; *Id.*, 86 Vt 395, 397, 85 A 692, and cases there cited.

The defendants produced in evidence two admission tickets. These had printed on them "Own Shoe Skates" "Management Assumes no Responsibility in Case of Accident". In reply to the court's question defendants' counsel stated, "They are material in that this patron, the plaintiff, used her own skates, and we say that from the evidence in the case, if this case goes to the Jury, that they could just as readily find from the evidence that the alleged violation of duty on the part of the defendants was not the cause of her fall." Later the Court charged the jury without exception: "The tickets are important in this case only if you arrive at one fact. If in considering the case you find that the injury and fall resulted from a defective skate or skates of the Plaintiff, then the tickets themselves constitute a release and you must find for the Defendants." In their brief the defendants contend that the plaintiff did not maintain her burden of proof that her own skates were in no way defective or the cause of her fall and that there is no evidence in the case from which the jury could reasonably infer that her skates were in good condition and not the cause of her fall. There again the plaintiff was not obliged to furnish direct and affirmative proof that her skates were in good condition and not the cause of her fall. It was enough to prove such facts and circumstances as would warrant the jury in drawing such an inference. On the facts

we have mentioned *supra* the jury was not precluded from finding that the plaintiff did not assume the risk of her injury, that her skates were not defective, that they were in good condition and were not the cause of her fall and injury. The trial court did not err in denying the various motions made by the defendants.

The evidence showed that because of her fall the plaintiff suffered a cut in the tip of her chin that required six sutures. She also suffered a fracture at the angle of her jaw where it connects with the top of her head. It is the hinge the jaw swings on. Surgery was necessary with a resulting operative wound in front of the ear leaving a scar, still noticeable at the time of the trial, a year after the injury. The fracture necessitated the removal of a piece of the bone which will not grow back in but will fill in a little—two per cent. The plaintiff still suffered constant pain in both sides of her jaw and frequent headaches at the time of the trial and at times her vision bothered her. The hinge effect of her jaw is not as good as it was before her accident; there is inadequate bite on her left side. As a direct result of the injury her jaw does not work as it should. Her attending doctor testified that at the time of the trial he could say with reasonable certainty that there were objective symptoms that presently caused pain and that he expected her pain to continue until such time as more surgery or some other method is attempted to relieve the pain.

■■ The defendants insist on their exceptions to the failure of the court to charge as requested in their requests numbered 4 and 5. Both related to damages and we shall quote only the portions necessary to consider. "4. you must not allow anything for any personal injury she has claimed to suffer in reference to any condition of any part of her face or head since the plaintiff has not proved her claims for permanent injuries." Defendants' counsel claims that the word "personal" was meant to be "permanent." But the record reads "personal" and we are bound by it. The record on appeal imports absolute verity. *Wilson* v. *Dyer*, 116 Vt 342; 345, 75 A2d 677. Even though the plaintiff failed to prove permanent injury she was entitled to have the jury consider such elements

of damage as were fairly and reasonably supported by the evidence. The request to charge was so broad that it would prevent and bar any recovery at all and so was properly refused. *Levey* v. *Hall*, 119 Vt 143, 151, 120 A2d 568.

■ "5. Where the injury or injuries are subjective, and of such a nature that laymen cannot with reasonable certainty, know whether or not there will be future pain and suffering, you must not allow anything for any claimed future pain and suffering since the plaintiff has not proved her claims for future pain and suffering by such expert witnesses as would warrant the submission of such a claim to the jury." The request was unsound for several reasons but it is sufficient to state only one. There was evidence tending to show there were objective symptoms of future pain and suffering testified to by a medical expert so the question of future damages was for the jury to determine. Therefore the exception is of no avail.

*Judgment affirmed.*

Note: Mr. Justice Adams took no part in the consideration or decision of this case.