J. F. GUFFEY, Plaintiff in Error,

v.

Shirley TOWERY, a minor, by and through her next friend and father, Lloyd G. Towery, Defendant in Error.

No. 40325.

Supreme Court of Oklahoma.

Jan. 14, 1964.

Clarence P. Green, Oklahoma City, for plaintiff in error.

J. M. Sheehan, of McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for defendant in error.

WELCH, Justice.

This is an appeal by defendant from a verdict and judgment obtained by plaintiff for damages sustained as the result of being knocked down by fellow patrons of defendant's roller skating rink which fellow patrons were alleged to have been allowed by defendant to engage dangerously, and without supervision, in "crack the whip" and excessive speed activities during children skating sessions.

The parties will be referred to as they appeared in the trial court.

Plaintiff, age 12 years, was a paying patron at defendant's roller skating rink and sustained injury while skating. Her testimony was that she fell as the result of being struck from behind by one or more of a group of boys who were playing "crack the whip," holding hands while skating in a counter-clockwise position at excessive speed during which the leader suddenly stopped causing skaters on the opposite end of the line to skate at faster speed than those skating at normal rate. That such game was a recurrence of one she had observed forty or forty-five minutes earlier in the skating session. Testimony of the defendant was to the effect that plaintiff was not struck but fell without being interfered with by patrons.

In seeking reversal defendant urges that the instructions of the jury were erroneous in presupposing that the alleged improper skating did occur, the objectionable portion of instruction No. 8 being:

" * * * the burden is upon her (plaintiff) to establish to you, satisfactorily, by a preponderance of the evidence that the misconduct or rough

skating, if any, of other patrons which caused her to fall was known by defendant to be in existence, * * *"

and the vice of such instruction being (1) that it does not submit to the jury whether she was knocked down by other patrons or fell without being interfered with, but instead, presupposes that she was knocked down and (2) characterizes the skating done by the several boys as rough skating and misconduct known to defendant, rather than submitting the determination of whether the skating was improper or misconduct to the jury.

Although an instruction standing alone may be subject to criticism, if instructions in their entirety, fairly submit issues to a jury the giving of such instructions is not reversible error where it does not appear that the jury has been misled thereby. See Bowring v. Denco Bus Line, 196 Okl. 1, 162 P.2d 525. The possible deficiency of instruction No. 8 appears to have been met by other instructions.

Instruction No. 4 reads, in part:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations of the petition, and unless the plaintiff has proved these obligations by a preponderance of the evidence, your verdict must be for the defendant."

Instruction No. 7 contains the following:

"The mere proof of an accident or injury carries with it no presumption of negligence, but the burden of proof rests upon the party alleging negligence to establish the same by a preponderance of the evidence, and likewise it is encumbent upon such party to show said negligence thus established was the proximate cause of the injury and damage, if any, received by the party alleging the same."

Instruction No. 10 provides:

"The defendant is not an insurer of the safety of patrons skating on his skating rink that is liable in any all events. He owes to them the duty of

ordinary care, as set out in these instructions. A person who engages in the sport or pastime of roller skating assumes the natural, normal and ordinary risks incident to that sport or pastime.

"If you find from a preponderance of the evidence that plaintiff did fall, as alleged, while roller skating and if you further find from the evidence that said fall, and resulting injuries, if any, resulted proximately from or participating in and assuming the natural, normal and ordinary risks usually incurred in roller skating, your verdict shall be for the defendant."

■ That part of instruction No. 8 which is said to have been a presupposition by the court that other patrons were rough-skating and guilty of misconduct is subsequently in other portions of the instructions referred to and thereof it is said: "* * * if it was in fact dangerous to others."

Considered as a whole, the instructions appear to have correctly instructed the jury on the law applicable to the case. When viewed in the light of the evidence upon which the instructions operate, and as a whole, no prejudicial error is seen. The determination of whether the plaintiff was knocked down by other patrons, or simply fell, and the character of skating by said other patrons appear to be, by the instructions as a whole, properly left to the jury.

■ In his motion for new trial defendant also contends that the court erred in overruling its motion for a directed verdict, saying that plaintiff failed to prove that the type of skating by the other patrons of defendant's business was in any way improper for a children's session on an overcrowded floor of a roller skating rink, or that such skating was of sufficient duration to attract the attention or excite the notice of the defendant, mentioning the cases of Hughes v. St. Louis National League Baseball Club, 359 Mo. 993, 224 S.W.2d 989; Emerson v. Riverview Rink & Ballroom, 233 Wis. 595, 290 N.W. 129, and Rush v. Mullins, Okl., 370 P.2d 557. A dissimilarity exists in the instant case to such authorities, however, that merits consideration. It would seem that while one who becomes a participant at a skating session (as invitee of the management thereof by being a paying patron) assumes all ordinary and normal hazards incident to the sport, that the law should not require him to assume the negligence of the management in failing to provide adequate and proper supervision of the skating session, particularly if the proprietor has notice of boisterousness of patrons in time to stop same before the injury occurrence, and does not.

In Goldman v. Bennett, 189 Kan. 681, 371 P.2d 108, it was said that the plaintiff there, as a business invitee, had a right to assume the defendant would provide her a reasonably safe place to skate; that while the defendant, as owner of the rink, was not an insurer of her safety, he could not without liability permit dangerous activity of other patrons to continue after he knew, or by exercising reasonable care should have known, of such activities.

This court in Standard Theaters Corporation v. Hughes, 185 Okl. 377, 91 P.2d 1058, indicated that it favored a rule holding proprietors of places of amusement to which the public is invited, upon payment of an admission charge, to a high degree of care to their patrons.

In the instant case there was an issue of fact regarding the existence of such activity. In our former opinion concerning this case Towery v. Guffy, Okl., 358 P.2d 812, substantially the same evidence and proof as was here presented was considered sufficient to be a factual matter to be determined by the jury. We quote therefrom:

"The law does not require every fact and circumstance which make up a case of negligence to be proved by direct and positive evidence or by the testimony of eye witnesses. Proof of the fact of negligence may rest entirely in circumstances; in other words, circum-

stantial evidence alone may authorize a finding of negligence. Hence, negligence may be inferred from all the facts and attendant circumstances in the case, and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts, a prima facie case is made. 38 Am.Jur. Sec. 333, p. 1032."

We still so conclude. (Under the facts and circumstances involved the doctrine of assumption of risk is not controlling.) No error is seen in the trial court's overruling of the defendant's motion for a directed verdict at the conclusion of the evidence or in the denial of defendant's motion for a new trial.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.