## HARRIETTE MOE v. PAUL STEENBERG.

147 N. W. (2d) 587.

December 30, 1966—Nos. 40,140, 40,141.

*Bonner, Bonner & Clements* and *John F. Bonner, Jr.,* for appellant.
*Clifford G. Nelson,* for respondent.

OTIS, JUSTICE.

Plaintiff seeks damages for injuries she sustained when defendant collided with her while ice skating. The jury returned a verdict for defendant and plaintiff appeals from an order denying her motion for a new trial. The issue is whether the trial court erred in submitting the defense of assumption of risk.

Plaintiff's injury occurred on the evening of New Year's Day 1962 when she and her family were skating with defendant's family on an outdoor public rink in Running Park, Bloomington. At the time of the accident plaintiff was 35 years of age. She had begun skating when she was in the sixth grade. Most of her experience had been on "racing tubes." She had used the figure skates she was then wearing only twice before. After skating for about half an hour in an area which was well lighted and uncrowded she tripped on the front prong of a skate and slid to a sitting position. As she was getting up, the defendant, who had been skating backward for 20 or 30 feet, fell on her, causing the injuries for which she seeks recovery.

That part of the court's charge to which plaintiff takes exception is as follows:

"A person is considered to have assumed the risks as to some dangerous condition where there is reason to know that a danger exists and a reasonable person would not have encountered the risks under the circumstances, but he still voluntarily places himself into or walks into the area of danger. If he does not know or cannot reasonably be expected to know that the danger exists, or that a reasonable person under the circumstances would, then the plaintiff does not voluntarily assume the risks of the injuries he received.

"Before finding that Mrs. Moe did assume the risk in this case, however, you must first find these three points:

"1. That she had knowledge of the risk.

"2. That she had appreciated the risk, and

"3. That she had the opportunity to either avoid the risk or incur it, and she voluntarily chose to incur it.

"Now, it might be helpful to you if I suggest that distinction between assumption of risk and contributory negligence. In what we refer to as the voluntary assumption of risk, the person does something which is or might be dangerous, or have danger connected with it, with his eyes open to the risk involved. He voluntarily chooses to encounter a danger which he knows and appreciates."

It is the contention of the plaintiff that because she did not see the defendant before he collided with her only a moment after she had fallen, she had no appreciation of any impending danger which would charge her with assuming the risk. We do not believe the doctrine should be so narrowly applied. It is the general rule that one who participates in a sport assumes the risks which are inherent in it,[1] and it is ordinarily for the jury to determine what those risks are.[2] While there are a number of decisions dealing with actions brought against the owners of roller and ice skating rinks involving questions of maintenance and supervision, none has been called to our attention where suit has been brought against the skater who caused the injury. With respect to claims against proprietors, it is the rule that a patron assumes those risks which are ordinary, necessary, and obvious, or can reasonably be anticipated as incidental to the sport.[3] We concur in the views expressed in Schamel v. St. Louis Arena Corp. (Mo. App.) 324 S. W. (2d) 375, 378:

---

[1] Diker v. City of St. Louis Park, 268 Minn. 461, 469, 130 N. W. (2d) 113, 118, citing Farinelli v. Laventure, 342 Mass. 157, 160, 172 N. E. (2d) 825, 827, where by way of dictum the court observed that a skater on an indoor rink assumes the risk of being bumped by other skaters. See, Annotations, 7 A. L. R. (2d) 704 and 168 A. L. R. 896.

[2] Hollinbeck v. Downey, 261 Minn. 481, 486, 113 N. W. (2d) 9, 13; Bloom v. Dalu Corp. 269 App. Div. 192, 54 N. Y. S. (2d) 831.

[3] Goldman v. Bennett, 189 Kan. 681, 686, 371 P. (2d) 108, 112; McCullough v. Omaha Coliseum Corp. 144 Neb. 92, 98, 12 N. W. (2d) 639, 643; Benoit v. Marvin, 120 Vt. 201, 205, 138 A. (2d) 312, 316; Guffey v. Towery

"It is also asserted that the plaintiff assumed the risk of falling and colliding with others when she engaged in skating at the rink. Again to a limited extent this is true. She assumed risks that were inherent in the sport or amusement in which she was engaged, such as falls and collisions with other skaters brought about by her own or other skaters lack of skill or clumsiness. Such things are not extraordinary occurrences in skating rinks."

To be sure, one who skates does not assume every risk arising from the negligent acts or omissions of others. The conduct of other skaters may be so reckless or inept as to be wholly unanticipated. This is not such a case, however. In our opinion it was permissible for the jury to find that with only limited experience in figure skating plaintiff could expect to fall occasionally and that other skaters in close proximity might trip over her before she could warn them or move out of their way. She was also bound to anticipate that anyone skating backwards, whose vision and control were momentarily impaired, would constitute a special hazard. It was therefore proper for the court to submit the issue of assumption of risk.

Affirmed.

(Okla.) 388 P. (2d) 490, 492; Annotations, 94 A. L. R. (2d) 1434 and 20 A. L. R. (2d) 80; 19 NCCA (3d) 20.