Gerald **FJERSTAD**, et al., Appellants,

v.

**HEARTLAND RACING ASSOCIATION, INC.,** Defendant,

**DeBoer Enterprises, Inc., II d/b/a Sportsmans Bar, Respondent.**

No. C1–96–2371.

Court of Appeals of Minnesota.

May 20, 1997.

Mitchell R. Spector, Sally M. Spector, Abrams & Spector, P.A., Minneapolis, for Appellants.

Gregory J. Lange, Charpentier & Lange, Brainerd, for Respondent.

Considered and decided by PETERSON, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant, who was injured due to surface alterations made on a frozen lake for a snowmobile race, challenges the trial court's summary judgment that respondent Sportsmans Bar did not sponsor the event and thus did not owe him a duty. We affirm.

## FACTS

Heartland Racing Association staged a snowmobile race on Lake Minnewawa. To create a race course, Heartland made surface changes to the frozen lake. Six days after the race, appellant Gerald Fjerstad sustained injuries when his snowmobile flew off a snow bank formed as part of the race course.

Appellants, Fjerstad and his wife, sued respondent DeBoer Enterprises, Inc., II, which owns and operates the Sportsmans Bar. Appellants premised respondent's liability on the theory that respondent had sponsored the race because it provided Heartland with space for registering participants and presenting awards, parking, restrooms, and food service. They also alleged that respondent had assisted Heartland in obtaining a race permit from the local sheriff's office. Granting respondent's motion for summary judgment, the trial court determined that respondent was not a sponsor and that it owed appellants no duty of care. Appellants and Heartland subsequently settled.

## ANALYSIS

On appeal from summary judgment, we ask (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4

(Minn.1990). Generally, the existence of a legal duty is a question of law that we review de novo. *H.B. by Clark v. Whittemore*, 552 N.W.2d 705, 707 (Minn.1996).

Appellants argue that a sponsor is always liable, that respondent was a sponsor, and that the trial court erred by determining that respondent was not a sponsor.

We conclude as a matter of law that respondent owed appellants no duty of care. Although one who promotes or sponsors an activity often owes a duty to persons who attend that activity, the fundamental principle underlying this duty is the sponsor's exercise of control over the activity. *See Hassler v. Simon*, 466 N.W.2d 434, 438 (Minn.App.1991) (imposing duty on promoter who conceived "Wild Cow Milking Contest" event, contracted for participating livestock, plowed the arena himself before the contest, and decided to use Black Angus instead of dairy cows); *Grisim v. TapeMark Charity Pro–Am Golf Tournament*, 394 N.W.2d 261, 263–64 (Minn.App.1986) (imposing limited duty on organizer of golf tournament to provide spectators with minimal protection), *aff'd in part and rev'd in part on other grounds*, 415 N.W.2d 874 (Minn.1987). In this case, the race did not occur on respondent's premises, and respondent only controlled collateral activities such as the space for registration and awards, parking, restrooms, and food service. There is no evidence that respondent exercised any authority over the race, the inspection of the race course, or the elimination of potential hazards created for the race. Considering respondent's limited control, we conclude that respondent owed appellants no duty relating to the conditions of the lake.

Appellants cite the county race permit as evidence that respondent sponsored the race because the permit listed respondent as the "permit holder." The permit required the "sponsor" to clear the lake of debris after the race. We observe (a) the permit named Heartland as the organization to whom the sheriff's office gave the permit, (b) Heartland was the applicant for the permit, (c) Herman Sinn, a Heartland member, signed the permit application, (d) the Heartland organizer, Darrell Westberg, indicated that either he or another Heartland member sought and obtained the permit,[1] (e) the permit application does not mention respondent, and (f) evidence of the permit process shows that no one referred to respondent as a "sponsor." We find no conduct of respondent that demonstrates a legal duty going beyond the scope of the activities that it controlled.

### DECISION

The trial court did not err in its summary judgment that respondent Sportsmans Bar did not have a duty of care pertinent to appellants' personal injury claim because respondent exercised no control over the conditions that caused the accident.

**Affirmed.**

1. In his deposition, Westberg testified:

    Q So then you go to the Sheriff's Department [to get a race permit]?
    A Yes.
    Q Of that county?
    A Yes.
    Q Did you do that here?
    A Yes, Aitkin County.
    Q Aitkin County.
    A Yes.
    Q Do you fill a special form out for them?
    A Correct.
    Q And in response to that, do they give you something in writing?
    A A basic permit, yes, and it's open to—
    Q —I'm sorry, I missed the last part of your answer.
    A That you met their code requirements to run or to have the event or whatever you want to call it.