Neal PETERSON, a minor, By and Through his parent and natural guardian, Wanda PETERSON, et al., Appellants,

v.

David DONAHUE, Respondent.

No. A06–1824.

Court of Appeals of Minnesota.

June 26, 2007.

D. Patrick McCullough, McCullough, Smith, Williams & Cyr, P.A., St. Paul, MN, for appellants.

Susan D. Thurmer, Sandra P. Barnes, Kathleen M. Ghreichi, Cousineau McGuire Chartered, Minneapolis, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; ROSS, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Appellant brought this action in district court for injuries he sustained when he collided with respondent on a ski slope. Respondent moved successfully for summary judgment on the grounds of primary assumption of the risk. Because we see no error in the district court's award of summary judgment dismissing appellant's action, we affirm.

## FACTS

In February 2000, respondent David Donahue, then 43, was crossing a ski slope when appellant Neal Peterson, then 11, collided with him. In August 2005, appellant brought this action. Depositions, taken in February 2006, indicated that both parties were experienced skiers at the time of the accident.

Appellant answered, "Yes" when asked, "And even though you were 11 at the time you were good?" and "You were very good?" He testified that he had been skiing since the age of two, that his whole family skied, that he was in his fourth year as a member of a ski race team at the time of the accident, and that he had raced the morning of the day of the accident, but he did not remember how well he did in the race. He also testified that he remembered nothing at all about the accident itself, that he had been told where it happened but would not otherwise have known, and that "nobody has really told me how the accident happened because nobody really saw it."

Respondent testified that he would classify his level of skiing at the time as advanced, that he was on his way to the parking lot, that he saw appellant when he turned his head to the right and had "split seconds" to observe him before the impact, that he was "skating" on his skis (a movement much slower than skiing), and that appellant was skiing fast, that appellant's head and body struck his right shoulder, that the impact knocked him downhill and out of his skis, that he was thrown ten or twelve feet and landed on his back and side, and that he saw appellant lying motionless and immediately sought attention.

Respondent's wife was the only witness to testify about the accident. She testified that, as she was taking her daughter from the parking lot to the chalet, she saw a boy "slam [ ] right into" a man, that the boy came from above the man, that the boy was skiing very fast and his skis were not touching the ground, that the man was gliding or skiing very slowly, that in the chalet she learned that other people had seen the aftermath of the accident but no one appeared to have witnessed the actual collision, and that she learned her husband was the man involved in the accident only after she returned to the parking lot from the chalet.

## ISSUE

Does appellant's assumption of the risk preclude his negligence claim?

## ANALYSIS

■■■■ The district court granted respondent's motion for summary judgment on the ground that, as a matter of law, appellant's primary assumption of the risk precluded his negligence claim. "Generally a question for the jury, the applicability of primary assumption of the risk may be decided by the court as a matter of law when reasonable people can draw only one

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

conclusion from undisputed facts." *Snilsberg v. Lake Washington Club*, 614 N.W.2d 738, 744 (Minn.App.2000), *review denied* (Minn. 17 Oct. 2000) (quotations omitted). An appellate court reviews that decision de novo. *See, id.* at 746.

Primary assumption of the risk arises when parties have voluntarily entered a relationship in which plaintiff assumes well-known, incidental risks. The defendant has no duty to protect the plaintiff from the well-known, incidental risks assumed, and the defendant is not negligent if any injury to the plaintiff arises from an incidental risk. . . .

In primary assumption of the risk, by voluntarily entering into a situation where the defendant's negligence is obvious, by his conduct, the plaintiff consents to the defendant's negligence and agrees to undertake to look out for himself and relieve the defendant of the duty.

*Id.* at 743–44 (quotations and citations omitted). The application of primary assumption of the risk requires that a person who voluntarily takes the risk (1) knows of the risk, (2) appreciates the risk, and (3) has a chance to avoid the risk. *Andren v. White–Rodgers Co.*, 465 N.W.2d 102, 104–05 (Minn.App.1991), *review denied* (Minn. 27 Mar. 1991).

Appellant does not argue that he did not know of the risk of colliding with another skier, appreciate that risk, or have a chance to avoid the risk. He had been skiing for years and was a member of a ski racing team at the time of the accident. During his deposition, he was asked, "[I]t's a known risk that you can collide with another skier?" and answered, "Yes." He also answered, "Yes" when asked if he "knew before this day [of the accident] that falls or collisions and accidents and injuries are something that can happen with skiing[.]" Appellant relies on *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 232 N.W.2d 236 (1975), but that case is readily distinguishable: it declined to apply assumption of the risk between skiers because the defendant did not "introduce evidence as to plaintiff's knowledge of the specific risk of being hit on the slopes by other skiers." *Id.* at 509, 232 N.W.2d at 240–41. Here, the record provides ample evidence of appellant's knowledge of that specific risk.

Appellant argues that Minnesota law has not recognized primary assumption of the risk between skiers. But although no Minnesota appellate court has addressed this precise issue in a published opinion, other cases support the inference that recognition of primary assumption of the risk between skiers would be consistent with existing law.[1]

Minnesota courts have accepted primary assumption of the risk as a bar to recovery in actions related to various sports. *See, e.g., Grisim v. TapeMark Charity Pro–Am Golf Tournament*, 415 N.W.2d 874, 876 (Minn.1987) (golf); *Moe v. Steenberg*, 275

---

1. We note that this court has addressed very similar issues in unpublished decisions. *See, e.g., Manns v. Afton Alps,* No. A06–752, 2007 WL 1412882 (Minn.App.15 May 2007) (affirming summary judgment on the ground that ski patrol volunteer riding on a snowmobile had primarily assumed the inherent risk of collision with snowboarder); *Cooper v. Powder Ridge Ski Corp.,* No. C7–91–2436, 1992 WL 160649 (Minn.App.14 July 1992) (affirming jury finding that skier who fell while skiing over unusual terrain had primarily assumed risk of falling inherent in skiing), *review denied* (Minn. 4 August 1992); *see also Verberkmoes v. Lutsen Mountains Corp.,* 844 F.Supp. 1356, 1359–60 (D.Minn.1994) (citing *Cooper* as unpublished Minnesota opinion on applicability of primary assumption of the risk to skiing but declining to apply it because an ATV parked on or near a ski trail is not among the inherent risks of skiing).

Minn. 448, 450–51, 147 N.W.2d 587, 589 (1966) (ice skating); *Schneider v. Erickson*, 654 N.W.2d 144, 151 (Minn.App.2002) (paintball); *Swagger v. City of Crystal*, 379 N.W.2d 183, 184–85 (Minn.App.1985) (softball), *review denied* (Minn. 19 Feb. 1986); *Snilsberg*, 614 N.W.2d at 746–47; *Jussila v. U.S. Snowmobile Ass'n*, 556 N.W.2d 234, 237 (Minn.App.1996) (snowmobiling), *review denied* (Minn. 29 Jan. 1997).

More specifically, the courts have applied primary assumption of the risk to actions between sporting participants. *See, e.g., Moe*, 275 Minn. at 450–51, 147 N.W.2d at 589 (ice skater who fell and was injured by another skater who fell over her could have assumed risk); *Schneider*, 654 N.W.2d at 151 (in paintball game, "[b]ecause participants in sports enter into relationships in which they assume well-known, inherent risks, they consent to relieve other participants of their duty of care with regard to those risks.").

In light of these cases applying primary assumption of the risk to several sports and to actions between participants in those sports and given the decision in *Seidl*, 305 Minn. at 509, 232 N.W.2d at 240, which declined to apply primary assumption of the risk to an action between skiers in the absence of evidence that the plaintiff knew of the risk of being hit by other skiers, we hold that primary assumption of the risk applies to actions between skiers who knew and appreciated the risk of collision.

Appellant also argues that respondent increased the risk inherent in skiing because he did not look up the hill for other skiers when he began to cross it. *See Jussila*, 556 N.W.2d at 237 (when defendant's conduct increased plaintiff's risk, defendant may not argue that plaintiff assumed the risk). But it is undisputed that appellant was above respondent on the hill and that he skied into respondent. Both parties testified to a skier's responsibility to be in control, and appellant does not assert that respondent was not in control or that he did not have the right to be on the hill. None of appellant's allegations, even if true, would support the conclusion that respondent's conduct increased the risk inherent in skiing.

## DECISION

Collision with another skier is a risk inherent in skiing. Primary assumption of the risk precludes liability for collisions between skiers who know and appreciate the well-known and inherent risk of such collisions. The district court lawfully concluded that summary judgment in favor of respondent was warranted, having found as a matter of law that appellant assumed the risk of the skiing collision.

**Affirmed.**